UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00149 AG (DTBx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | CARLOS CASTELLON ET AL. v. PENN-RIDGE TRANSPORTATION, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

Defendant Penn-Ridge Transportation, Inc. has removed this wage-and-hour class action, for a *third* time, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Plaintiff Carlos Castellon moves to remand, arguing that Defendant's third notice of removal was untimely. The Court GRANTS the motion to remand. (Dkt. No. 20.)

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress has authorized district courts to exercise jurisdiction over certain class actions, if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2)(A), (5)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014). "Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00149 AG (DTBx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | CARLOS CASTELLON ET AL. v. PENN-RIDGE TRANSPORTATION, INC. ET AL. | | |

*Successive Removals.* The Court isn't convinced that Defendant's *third* notice of removal was permissible, or that anything relevant has changed in the last two years. A successive removal petition is appropriate only upon a "relevant change of circumstances,"—that is, "when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (listing, as examples, an intervening change in law or an amended complaint); *see also Gyorke-Takatri v. Nestle USA, Inc.*, No. 16-CV-03893-WHO, 2016 WL 5514756, at *2–4 (N.D. Cal. Sept. 30, 2016). For good reason. Courts have long recognized that removal in diversity cases operates to "the prejudice of state court jurisdiction." *See In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969). "[I]n the interest of judicial economy . . . and in recognition of principles of comity," federal courts are wary of interfering with state court proceedings and loathe to see cases "ricochet back and forth." *Id.*; *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (recognizing that courts should "gaurd[] against premature and protective removals and minimize[] the potential for a cottage industry of removal litigation"). Just so here. Defendant hasn't sufficiently address the issue of successive removals or identify any relevant change in circumstances—either in its notice of removal, its opposition papers, or at the hearing. True, Congress "enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *See Dart Cherokee*, 135 S. Ct. at 554. But, as always, the burden of establishing jurisdiction rests upon the party asserting jurisdiction. *See Kokkonen*, 511 U.S. at 377. This Court will not presume otherwise.

*Timeliness.* The parties dispute whether Defendant's *third* notice of removal was timely under CAFA. A 30-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Although the Court need not decide this issue, it's persuaded for the reasons stated in Plaintiff's motion, that the record contained figures sufficient to establish an amount in controversy exceeding $5 million—more than 30 days before January 26, 2017. As Plaintiff correctly points out, a defendant may not "ignore

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00149 AG (DTBx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | CARLOS CASTELLON ET AL. v. PENN-RIDGE TRANSPORTATION, INC. ET AL. | | |

pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Further, CAFA "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

*Request for attorney fees.* The Court denies Plaintiff's request for attorney fees. Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." But "[a]bsent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because Defendant's basis for removing this case to federal court was not "objectively unreasonable," each party shall bear its own costs.

Because Defendant has failed to identify a relevant change in circumstances, the Court GRANTS the motion remand. (Dkt. No. 20.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |